Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi
_____ Division


SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 23 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

Demario Dontez Walker
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Dr. Gloria Perry, M.D., et al
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 1:20cv302 HSO-JCG
(to be filled in by the Clerk's Office)

Immient Danger
Jury Trial Request

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## Immient Danger

Plaintiff is at risk of Serious Danger or Injury. Because he is subject to Sucicide risk due to untreated GID and or extreme or severe additional mental deteriation of his mind and mental state, Especially due to the severe risk based on plaintiff sucicidal tendecies, these tendecies will greatly increase and the risk of sucicide is severe especially when mental health care is being withheld Because some Doctors in Mississippi consider GID treatment "controversial" despite it being an actual medical/mental health condition recognized by Medical professional and the court systems.

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Demario Dontez Walker
   All other names by which you have been known: Kiriyama Zyreonia San Givonni
   ID Number: 11625
   Current Institution: Central MS. Corr. Fac. 720, Special Needs Unit, A2,
   Address: Post Office Box 88550, A2, C Zone, bed 88 B
   Pearl                    Miss     39288
   City                     State    Zip Code

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Dr. Gloria Perry, M.D
   Job or Title (if known): MDOC Medical Director / Doctor
   Shield Number: None Known
   Employer: Mississippi Dept. Of Corrections
   Address: 301 North Lamar Street
   Jackson                  Mississippi   39205
   City                     State         Zip Code
   [X] Individual capacity    [X] Official capacity

   Defendant No. 2
   Name: Dr. William T. Braizer, MD
   Job or Title (if known): Medical Director CMCF / Doctor
   Shield Number: None Known
   Employer: Miss. Dept. Of Corr. c/o Central MS. Corr. Fac.
   Address: 3794 Hwy 468; P.O. Box 88650
   Pearl                    MS       39288
   City                     State    Zip Code
   [X] Individual capacity    [X] Official capacity

Defendant No. 3
Name: Ronald Woodall, MD.
Job or Title (if known): Medical Director SMCI / Medical Doctor
Shield Number: None Known
Employer: Centerion of MS c/o Miss. Dept. of Corr. at SMCI
Address: Post Office Box 88550 / P.O. Box 1419
Pearl / Leakesville    MS    39288 / 39451
City / State / Zip Code

[X] Individual capacity    [X] Official capacity

Defendant No. 4
Name: Nurse Practioner Angela Brown
Job or Title (if known): Nurse Practioner
Shield Number: None Known
Employer: Centerion of MS c/o MS. Dept. of Corr at MSP
Address: Unit 42
Parchman    MS
City / State / Zip Code

[X] Individual capacity    [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against (check all that apply):

  [ ] Federal officials (a *Bivens* claim)

  [X] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th, 14th amendments to United States Constitution

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Employees of the State and State agency to wit: MDOC

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☒ Other *(explain)* Parolee / Probationer

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

CMCF, SMCI, MSP   2002 to present date

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

CMCF, SMCI, MSP   2002 to present date

C. What date and approximate time did the events giving rise to your claim(s) occur?

*2002 to Present date; ongoing*

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See Attached*

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See Attached*

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*Injunction Relief; Declatory Relief*

Plaintiff is a Pre operative Transgender Inmate in the Custody of the Mississippi Department of Corrections, Currently housed at the Central Mississippi Correctional facility, Special Needs Unit in Pearl Mississippi

Plaintiff is diagnosed and has been diagnosed with intense Gender Identity Disorder (hereinafter "GID"). Plaintiff is an inmate experiencing the rare Psychological condition of GID

Plaintiff is anatomically male and suffers from, a rare Psychological condition marked by intense and persistent desire to live life as a member of the opposite sex

Upon his arrival into MDOC, Plaintiff presented a feminine and small appearance, with long hair, nails and was dressed in femine attire.

MDOC failed to provide psychological treatment to the Plaintiff to treat GID. That failure lead to suicide attempts and self mutilation.

Dr. Gloria Perry, Dr. William Brazer, Dr. Ronald Woodall and NP Angela Brown refused to allow individualized medical Evaluations of the plaintiff for GID and appropriate Treatment

None of the Defendants are qualified to treat GID and have no training in treatment of, Recognition of, and diagnosis of GID.

Plaintiff has been suicidal, and exhibiting disruptive and oppositional behavior, not limited to but including self mutilation of his body and genital area.

Plaintiff's has failed to provide the appropriate or adequate medical and psychological treatment for GID.

GID has been referred to by courts as "gender dysphoria" or "transsexualism" which are older Terms used to identify GID.

GID seriously affects the lives of those who suffer from it like the Plaintiff, and GID is considered by the majority of the medical community to be biological and innate

GID is treatable. The Standards of care, which is considered to be generally accepted course of medical treatment in the medical community, establish three types of treatments options (1) hormone Therapy (2) real-life experience (3) Sex-reassignment Surgery

Meriwether v. Faulkner 821 F.2d 408 (7th cir 1987) found that GID did constitute a serious medical need and thus could be reviewed under the 8th amendment Id at 413 ("There is no reason to treat transsexualism differently than any other Psychiatric disorder. Thus contrary to the district courts determination, Plaintiff's complaint does state a "serious medical need") This case is important because it recognized the seriousness of GID.

Plaintiff medical and mental care was at all times subject to the discretion of the MDOC medical staff.

Plaintiff has suffered acute depression, self mutilation, autocastration and suicide attempts

MDOC Staff is unqualified in dealing with the particular medical issue of GID.

MDOC Defendants has failed to provide any treatment for GID

MDOC Defendants Refuse to provide any treatment for GID

MDOC Defendants Refuse to provide Psychiatric treatment for GID

MDOC Defendants refuse to acknowledge GID as a medical or psychiatric condition

MDOC will not list GID as a medical or psychiatric condition in Plaintiff medical files.

MDOC Defendants was made aware by circuit court judge as well as mental health professionals that plaintiff suffered from GID and was advised on a recommended course of treatment by officals and medical/mental health individuals who treat GIDs and MDOC Defendants refused to provide any medical or psychiatric treatment or obtain recommendations as to treatment from their own medical professionals as to a recommended course of treatment.

Severe GID may impose and does pose a significant risk to a plaintiff (Demario Walker) health and saftey. MDOC Defendants responsible officals should have been cautious in Refusing treatment. GID like most illnesses, has varying degrees of severity. But GID is similar to other potentially serious psychological conditions, thus MDOC Defendants have a constitutional obligation to provide adequate treatment after a proper diagnosis has occurred.

Plaintiff has requested medical and psychiatric treatment. MDOC Defendants Disregarded sick call Requests by throwing them in the garbage and telling the Plaintiff "you are a man so its time to man up"

Defendants has stated "you in mississippi, we don't recognize that condition (GID) down here"

Plaintiff has been experiencing suicidal ideations and prone to self mutilation, Extreme Depression, Anxiety and frustration

Relief:

Injunction Requiring That Plaintiff recieve Individualized Treatment and be properly evaluated by an Individual who specalize in GID and be treated according to said Specalist Recommendations If any

Injunction Requiring MDOC To treat and evaluate Inmates who may be or is diagnosed with GID

Injunction Requiring Inmates with GID to be housed at SMCF, A MDOC Facility that houses inmates with severe mental problems and has appropriate Mental Health staff to treat such conditions available on a daily basis.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*CMCF, MSP, SMCI*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

N/A
☐ Yes

N/A
☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   CMCF 720

2. What did you claim in your grievance?

   Not Being Treated for GID

3. What was the result, if any?

   none, see attached

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Appealed to final stage, no further appeals available

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:

   n/a

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   n/a

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

USDC

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes (circled: No)

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  n/a
   Defendant(s) n/a

2. Court *(if federal court, name the district; if state court, name the county and State)*
   n/a

3. Docket or index number
   n/a

4. Name of Judge assigned to your case
   n/a

5. Approximate date of filing lawsuit
   n/a

6. Is the case still pending?
   ☐ Yes
   ☒ No

   If no, give the approximate date of disposition. n/a

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   n/a

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  Demario Walker
   Defendant(s)  Angie Holloway

2. Court *(if federal court, name the district; if state court, name the county and State)*

   USDC, SD. Gulfport

3. Docket or index number

   1:17cv244-LG-RHW

4. Name of Judge assigned to your case

   Hon. Louis Guirola

5. Approximate date of filing lawsuit

   Feb, 2017

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition   n/a

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Pending Trial Sept. 2020

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 9, 2020     9/7/20

Signature of Plaintiff: _Demario Dontez Walker_
Printed Name of Plaintiff: Demario Dontez Walker
Prison Identification #: L1625
Prison Address: Cmcf 720, A2, C zone, bed 88B
Pearl, MS 39288
City / State / Zip Code

B. **For Attorneys**

Date of signing: July 9, 2020     9/7/20

Signature of Attorney: _Demario Dontez Walker_
Printed Name of Attorney: Demario Dontez Walker
Bar Number: L1625
Name of Law Firm:
Address: Cmcf 720, A2, C zone bed 88B
Pearl, MS 39288
City / State / Zip Code

Telephone Number: 601-932-2880
E-mail Address: n/a