# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                                                  **PLAINTIFF**

v.                                                                Civil No. 1:20-cv-302-HSO-RHWR

**GLORIA PERRY,** *et al*                                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

The sole issue before this Court is whether Plaintiff Demario Dontez Walker's *in forma pauperis* status should be revoked. Based on the testimony presented at the hearing, the record, and relevant legal authority, the Court finds that Walker has failed to establish that she was in imminent danger of serious physical injury at the time of filing. Accordingly, the undersigned United States Magistrate Judge recommends that Plaintiff Demario Dontez Walker's *in forma pauperis* status be revoked.

## I. BACKGROUND

On September 23, 2020, Plaintiff Demario Dontez Walker ("Plaintiff" or "Walker"), an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed the Complaint [1] in this case, asserting claims under 42 U.S.C. § 1983 arising out of his incarceration.[1] *See* Compl. [1]. Plaintiff names as Defendants Dr. Gloria Perry, Dr. William T. Brazier, Dr. Ronald Woodall, and Nurse Practitioner Angela Brown. *See id.* at 3-4. According to Walker, she is a preoperative transgender

---

[1] Because Plaintiff identifies as female, the Court will use female pronouns throughout this document out of respect.

1

inmate who has been diagnosed with "intense Gender Identity Disorder" ("GID"). *Id.* at 7. She claims that MDOC has failed to provide any medical and psychological treatment for this condition, which led to suicide attempts and self-mutilation. *See id.*

Walker filed a Motion [4] for Leave to Proceed *in forma pauperis* ("IFP"). It is beyond dispute that "Walker has already been informed that [she] has accumulated three strikes under 28 U.S.C. § 1915(g)" and "is no longer able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009) (citing 28 U.S.C. § 1915(g)); *see also* Pl.'s Obj. [68] at 1 ("Plaintiff do [sic] not deny that she has accumulated at least (3) three or more strikes and as such is barred from proceeding in forma pauperis.").

In an attempt to circumvent the three-strikes bar to proceeding IFP in this case, Walker claimed "imminent danger." *See, e.g.*, Compl. [1] at 2; Resp. [6] at 1. Specifically, Plaintiff claimed to be

> at risk of serious danger or injury. Because he is subject to sucicide [sic] risk due to untreated GID and or extreme or severe additional mental deteriation [sic] of his mind and mental state, especially due to the severe risk based on Plaintiff sucicidal [sic] tendecies [sic], these tendecies [sic] will greatly increase and the risk of sucicide [sic] is severe especially when mental health care is being withheld because some doctors in Mississippi consider GID treatment "controversial" despite it being an actual medical/mental health condition recognized by medical professionals and the court systems.

2

Compl. [1] at 2. According to Plaintiff, MDOC has failed to provide her psychological treatment, and "[t]hat failure lead[s] to sucicide [sic] attempts and self mutilation." *Id.* at 7; *see also id.* at 8 (claiming Plaintiff has been suicidal and "exhibiting disruptive and oppositional behavior, not limited to but including self mutilation of his body and genital area.").

On April 29, 2021, the District Judge entered an Order [8] finding that "[a]t this stage in the proceedings, the court cannot definitively state that Walker does not meet the exception provision." Order [8] at 1. The District Judge granted Walker's Application [4] to proceed IFP at the screening stage and set forth a payment schedule. *Id.* at 1-2

Defendant Dr. Gloria Perry ("Perry") filed a Motion [20] to Dismiss, asserting that Walker's official capacity claims for injunctive relief against her must be dismissed under Federal Rule of Civil Procedure 12(b)(1). Mot. [20] at 1. Perry argues that Walker failed to make sufficient allegations to overcome Eleventh Amendment immunity and that, in her official capacity, she is not a party that can be sued under 42 U.S.C. § 1983. *See id.* As for the individual capacity claims, Perry contends that those claims should be dismissed pursuant to Rule 12(b)(6) because "Plaintiff's suit is frivolous, and she fails to plead sufficient facts to state a viable claim of constitutionally inadequate medical care under 42 U.S.C. § 1983." *Id.* at 2. To support her Motion, Perry purported to attach medical records as Exhibit "A," but no such exhibit or records were attached. *See* Mot. [20]; Mem. [21] at 12, 14.

3

On November 18, 2021, this Court entered a Report and Recommendation [64] on the Motion [20] to Dismiss and denied all of Walker's pending Motions because they did "not alter the conclusions in the Report and Recommendations." Text Only Order 11/18/21. The Court determined that Walker did not qualify for the "imminent danger" exception to the three-strikes rule and failed to state a claim. R. & R. [64] at 4-6. The Court recommended granting Perry's Motion to Dismiss, revoking Walker's IFP status, and dismissing this case with prejudice. *Id*. at 11.

On March 25, 2022, the District Judge remanded the case to this Court "for a hearing on, and further consideration of, the sole issue of whether [Walker] was in "imminent danger of serious physical injury" at the time the Complaint [1] or Application [4] to proceed *in forma pauperis* was filed, and whether Plaintiff's in forma pauperis status should be revoked." Order [88] at 7. The District Judge directed this Court to submit either "a new Report and Recommendation recommending revocation of *in forma pauperis* status or an Order confirming Walker's *in forma pauperis* status." *Id*.

On April 28, 2022, this Court conducted an omnibus hearing pursuant to the District Judge's Order, which operated as a *Spears* hearing.[2] Minute Entry 4/28/22. The Court heard testimony from Walker and Dr. Brazier. The Court permitted Walker to enter various medical records and other documents into evidence. Additionally, the Court entered into evidence Walker's entire medical file, produced by Defendants, covering a period beginning one year prior to the date she filed her

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

original complaint. During the hearing, Walker expressed a desire to call "Dr. Moran" to testify on her behalf. The Court informed Walker that Dr. Moran was beyond its subpoena power and that if she wished to depose him, she would bear the associated costs. After Walker indicated an inability to pay those costs, the Court provided her ten days to obtain Dr. Moran's voluntary agreement to testify in person before the Court and to notify the Court of such agreement. Walker has never provided any notification of such an agreement.

## II. DISCUSSION

### A. Relevant Legal Authority

Under 28 U.S.C. § 1915(g), a prisoner who has previously accumulated three strikes prior to filing suit, such as Walker, may not proceed IFP unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). For purposes of the § 1915(g) exception to the bar against proceeding IFP, imminent danger of serious physical injury is judged as of the date the complaint or IFP Application is filed. *Banos v. O'Guin,* 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). The plaintiff bears the burden of establishing the existence of an imminent danger at the time of filing. *See Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (unpublished) (citing *Banos*, 144 F.3d at 884-45).

### B. Analysis

#### a. *Imminent danger at the time of filing*

At the hearing, Walker alleged, consistent with her complaint, that because Defendants failed to provide her psychological treatment for Gender Identity

5

Disorder, she was in imminent danger of committing suicide or self-mutilation. Yet, when asked for specifics regarding this assertion, Walker could offer no more than conclusory and vague details. For example, Walker could not provide the specific date or even the month that she allegedly came under the threat of imminent danger. Nor could Walker provide the specific date of these alleged suicide or self-mutilation attempts. Walker also could not provide the specific number of occasions on which she had engaged in such endeavors, nor any specific details about these alleged attempts.

As an initial matter, "conclusional allegations are insufficient to show [a Plaintiff is] under imminent danger of serious physical injury at the time that he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632 (5th Cir. 2007)(citing *Banos*, 144 F.3d at 885). "To satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. United States*, Civ. No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (general complaints about ongoing nature of alleged lack of medical care do not meet imminent danger exception) (internal quotation marks and citations omitted); *Cain v. Shilling*, Civ. No. 799-cv-898, 2001 WL 515263, *2 (W.D. Va. Mar.14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary). Because Walker has failed to provide any specific factual allegations to support her assertion, she has failed to establish the applicability of the imminent

danger exception at the time she filed her complaint. Therefore, Walker's IFP status is subject to revocation for this reason alone.

Additionally, Walker's testimony undermines the credibility of her imminent danger assertion. For instance, Walker testified that she knowingly lied to and misled MDOC medical staff about her mental health status and propensity to engage in self-harm. Walker also openly admitted that she often curtails her responses to MDOC medical staff to serve her interests. In a similar vein, Walker's testimony also created the appearance that her assertions of imminent danger are strikingly self-serving. For example, Walker essentially testified that she does not experience desires to engage in self-harm while in a housing unit that she likes.

Moreover, Walker's imminent danger assertion is inconsistent with her medical records. At the hearing, Dr. William Brazier, the Medical Director at Central Mississippi Correctional Facility, testified that his review of Walker's medical records did not unearth any recorded self-harm attempts or reports of her being placed on suicide watch.

Furthermore, Walker's allegations regarding Defendants' alleged acts or omissions concerning her medical treatment are insufficient to meet the threshold requirement of imminent danger of serious physical injury.[3] *See Edmond v. Texas Dep't of Corrections*, 1998 WL 723877 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g)

---

[3] Walker admitted that she has been provided medical treatment related to her gender identity disorder but alleged that she was not being provided the treatments she believes are necessary.

7

exception); *Humphrey v. Lopez*, Civ. No. 5:04-cv-94, 2004 WL 980512, at *2 (N.D. Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination failed to establish imminent danger of serious physical injury); *Gallagher v. McGinnis*, Civ. No. 00-1468, 2000 WL 739285, at *1 (E.D. La. Jun. 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish imminent danger of serious physical injury).

For all the reasons set forth above, Walker failed to establish that she was in imminent danger of serious physical injury at the time she filed her complaint. *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). Therefore, Walker's IFP status should be revoked. Revocation of the privilege bestowed by § 1915 is not a new phenomenon. Other district courts, in this Circuit and others, have routinely revoked a prisoner's "IFP status when facts developed post-complaint show that the [prisoner] was not in imminent danger on the date [they] filed suit." *See Watts*, 2018 WL 1865175, at *2; *Davis v. Flagg*, Civ. No. 4:10-cv-53, 2011 WL 3207742, at *2 (S.D. Miss. Jun. 30, 2011). Accordingly, the undersigned recommends that Walker's IFP status be revoked for failure to satisfy the imminent danger exception to the three-strikes bar.

    b.   *Ongoing imminent danger*

At the hearing, Walker also seemingly alleged that she is constantly under an ongoing threat of imminent danger. However, a "[p]risoner[] cannot exempt themselves from the operation of § 1915(g) by claiming that they are

in imminent danger at all times and under all circumstances." *Morris v. Walls*, Civ. No. 19-cv-6, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019) (citing *Calton v. Wright*, Civ. No. 6:12-cv-344, 2012 WL 3135682, at *5 (E.D. Tex. June 29, 2019), *report adopted* at 2012 WL 3135675 (E.D. Tex. Aug. 1, 2012).

On this point, the undersigned finds persuasive the Eastern District Texas's rejection of the "ongoing danger theory" in *Calton* persuasive. 2012 WL 3135682, at *6. As that court stated, such a theory, "if accepted, would provide [a prisoner] with a blanket exception to Section 1915(g) because [she] could argue that based on past events, [she] is in imminent danger at all times and under all circumstances. Such a result is untenable." *Id*. Thus, the *Calton* court held that "[l]ike the Third Circuit, this [c]ourt "refuse[s] to conclude that with one hand Congress intended to enact a statutory rule that would reduce the huge volume of prisoner litigation, but with the other hand, it engendered an open-ended exception that would eviscerate the rule." *Id*. (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Accordingly, consistent with the *Calton* court's holding and the holdings of other district courts in this Circuit, the undersigned finds that Walker's allegations of an ongoing danger are also insufficient to invoke the imminent danger exception to the three-strikes bar.

    c.   *Additional considerations*

Before concluding, the undersigned pauses to note the concern expressed by other district courts in this Circuit, and other circuits, regarding the viability of

allowing a prisoner to circumvent the three-strikes bar by creating, attempting to develop, or threatening to create their own imminent danger.

In *Fountain v. Livingston*, Civ. No. 6:16-cv-963, 2016 WL 4408869 (E.D. Tex. Aug. 18, 2016), the plaintiff alleged that outright denial of treatment for insomnia had caused him to experience suicidal ideation and impulses to commit self-harm. I*d*. at \*3. However, similar to the present case, the plaintiff did not provide any specific allegations that an imminent threat of such thoughts or impulses existed at the time of filing; instead, offering only that they had occurred sometime prior. *Id*.

In that case, the district court held that even if the plaintiff had alleged that he faced an imminent threat of committing self-harm at the time of filing, such "would not be sufficient to invoke the exception of § 1915(g), as "[a] prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA." *Id*. The court further reasoned, "[t]o hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening suicide. One cannot self-inflict serious physical injury so as to avoid the three strikes provision, sanction orders, or manipulate the judicial system." *Id*. (citing *Wallace v. Cockrell*, Civ. No. 3:02-cv-1807, 2003 WL 21418639, at \*3 (N.D. Tex. Mar. 10, 2003), *approved as supplemented*, 2003 WL 21447831 (N.D. Tex. Mar. 27, 2003).

The *Fountain* court's reasoning is consistent with other district courts around the country. *See Widmer v. Butler*, Civ. No. 14-cv-874, 2014 WL 3932519, at \*2 (S.D. Ill. Aug. 12, 2014) (holding prisoner may not escape the three strikes provision of the PLRA by inflicting "imminent danger" on himself); *Pauline v. Mishner*, Civ. No. 09-

10

182, 2009 WL 1505672, at *2 (D. Haw. May 28, 2009) ("Although Plaintiff states that he has harmed himself again, may be suicidal, and may harm others, Plaintiff has not shown that he was in imminent danger of serious physical injury when he filed this complaint."); *Cooper v. Bush*, Civ. No. 3:06-cv-653, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger).

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends that Plaintiff Demario Dontez Walker's *in forma pauperis* status be revoked.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he or she objects. The District Judge need not consider

11

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 8th day of July 2022.

                                   *s/ Robert H. Walker*
                                   ROBERT H. WALKER
                                   UNITED STATES MAGISTRATE JUDGE