IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMARIO DONTEZ WALKER | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv302-HSO-BWR |
| | § | |
| | § | |
| GLORIA PERRY, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF
DEMARIO DONTEZ WALKER'S OBJECTIONS [106], [107], [110];
ADOPTING REPORT AND RECOMMENDATION [101];
REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; IMPOSING
SANCTIONS; AND DISMISSING CASE WITHOUT PREJUDICE**

BEFORE THE COURT are Plaintiff Demario Dontez Walker's Objections [106], [107], [110] to the Report and Recommendation [101] of United States Magistrate Judge Robert H. Walker, which was entered in this case on July 8, 2022. After conducting a hearing on April 28, 2022, and based upon a review of the parties' submissions, the record, and relevant legal authority, the Magistrate Judge recommended that Plaintiff's *in forma pauperis* status be revoked. *See* R.&R. [101] at 11. Plaintiff has submitted three separate Objections [106], [107], [110] to the Report and Recommendation [101].

After thoroughly reviewing the record and relevant legal authority, the Court finds that Plaintiff's Objections [106], [107], [110] should be overruled, that the Magistrate Judge's Report and Recommendation [101] should be adopted in its entirety, and that Plaintiff's *in forma pauperis* status should be revoked. This civil action will be dismissed without prejudice, and Plaintiff will be sanctioned.

## I.   BACKGROUND

On September 23, 2020, Plaintiff Demario Dontez Walker ("Plaintiff" or
"Walker"), an inmate in the custody of the Mississippi Department of Corrections
("MDOC"), filed the Complaint [1] in this case, advancing claims under 42 U.S.C.
§ 1983 arising out of her[1] incarceration at Central Mississippi Correctional Facility
("CMCF").   *See* Compl. [1] at 3; Mot. [4] at 1.   The Complaint named as
Defendants Dr. Gloria Perry, Dr. William T. Brazier, Dr. Ronald Woodall, and
Nurse Practitioner Angela Brown.   *See id.* at 3-4.   According to Walker, she is a
preoperative transgender inmate who has been diagnosed with "intense Gender
Identity Disorder" ("GID").   *Id.* at 7.   The Complaint alleged that MDOC has failed
to provide any medical or psychological treatment for this condition, which led to
suicide attempts and self-mutilation.   *See id.*

It is beyond dispute that "Walker has already been informed that he has
accumulated three strikes under 28 U.S.C. § 1915(g)" and "is no longer able to
proceed in forma pauperis in any civil action or appeal filed while he is incarcerated
or detained in any facility unless he is under imminent danger of serious physical
injury."   *Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009) (citing 28
U.S.C. § 1915(g)).   Walker nevertheless filed a Motion [4] for Leave to Proceed *in
forma pauperis* ("IFP").   In an effort to circumvent the three-strikes bar and obtain
IFP status in this case, Walker claimed that she was in "imminent danger."   *See,*

---

[1]  Plaintiff has referred to herself as "she" at times, Pl.'s Obj. [68] at 1, and "he" at others,
Compl. [1] at 2.

*e.g.,* Compl. [1] at 2; Resp. [6] at 1.   Specifically, Plaintiff alleged that she was

> at risk of serious danger or injury.   Because he is subject to sucicide [sic] risk due to untreated GID and or extreme or severe additional mental deteriation [sic] of his mind and mental state, especially due to the severe risk based on Plaintiff sucicidal [sic] tendecies [sic], these tendecies [sic] will greatly increase and the risk of sucicide [sic] is severe especially when mental health care is being withheld because some doctors in Mississippi consider GID treatment "controversial" despite it being an actual medical/mental health condition recognized by medical professionals and the court systems.

Compl. [1] at 2.   Plaintiff asserted that MDOC had failed to provide psychological treatment, and that such "failure lead[s] to sucicide [sic] attempts and self mutilation." *Id.* at 7; *see also id.* at 8 (claiming Plaintiff has been suicidal and "exhibiting disruptive and oppositional behavior, not limited to but including self mutilation of his body and genital area").

On April 29, 2021, the Court entered an Order [8] finding that, "[a]t this stage in the proceedings, the Court cannot definitively state that Walker does not meet the [imminent danger] exception provision" to § 1915(g).   Order [8] at 1.   The Court provisionally granted Walker's Application [4] to proceed IFP at the screening stage and imposed a payment schedule.   *Id.* at 1-2.

Following a lengthy procedural history that need not be detailed here, the Court ordered the Magistrate Judge to conduct a hearing to determine whether Walker was in fact in imminent danger of serious physical injury at the time of the filing of the Complaint [1] or Application [4] to proceed IFP, and whether Walker's IFP status should be revoked.   *See* Order [88] at 7.   The Magistrate Judge conducted a hearing on April 28, 2022, *see* Min. Entry, Apr. 28, 2022, and entered

the Report and Recommendation [101] on July 8, 2022, that Walker's IFP status be revoked, *see* R.&R. [101] at 11.   The Magistrate Judge found that "Walker's testimony undermine[d] the credibility of her imminent danger assertion," and "Walker's imminent danger assertion is inconsistent with her medical records."   *Id.* at 7.   The Magistrate Judge also concluded that Defendants' alleged acts or omissions concerning Walker's medical treatment were insufficient to meet the threshold requirement of imminent danger of serious physical injury.   *Id.*

Walker has submitted three separate Objections [106], [107], [110] to the Report and Recommendation [101], two of which are plainly untimely, and will be overruled as such.[2]   Defendants responded to the timely first Objection [109], to which Walker filed a Response [112].   In her timely Objection [106], Walker objects to the Magistrate Judge's credibility determinations and factual findings.   Obj. [106] at 2, 5-9.   Walker also argues that the Magistrate Judge should have recused from the case, that he improperly excluded certain exhibits and witness testimony at the hearing, that Defendants failed to put forth any evidence to establish that

---

[2] Any objection to the Report and Recommendation [101] was due by July 25, 2022.   *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b)(2); L.U. Civ. R. 72(a)(3).   Walker's second Objection [107] was purportedly signed July 22, 2022, but it does not state when Walker delivered it to prison authorities, *see* Obj. [107] at 21, meaning the prison mailbox rule would not apply, *see generally, e.g., Brown v. Taylor*, 829 F.3d 365, 368 (5th Cir. 2016) (explaining under the mailbox rule a filing is timely if it is deposited in the institution's internal mail system on or before the applicable deadline).   The second Objection [107] was date-stamped "APPROVED LEGAL MAIL" on July 26, 2022, which was after the objection deadline.   *See* Envelope [107-2] at 1.   The third Objection [110] is in large part identical to the second Objection [107].   It bears the same signature date and does not state when it was deposited with prison officials.   *See* Obj. [110] at 25.   The envelope containing the third Objection [110] was marked "APPROVED LEGAL MAIL" on August 4, 2022, well after the objection deadline.   *See* Envelope [110-4] at 1.   As such, these two untimely Objections will not be considered, but even if they were, the result would not change.

Walker was not in imminent danger, and that the Magistrate Judge failed to allow Defendant Dr. William Thomas Brazier to review exhibits in order to answer whether Walker has had her mental health medications increased significantly since being incarcerated.   *See id.* at 2-4, 9, 18-20.[3]

## II.   DISCUSSION

A.   Standard of review

Because Walker objected to the Magistrate Judge's Report and Recommendation [101], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).   Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).   "[T]he statute calls for a *de novo* determination, not a *de novo* hearing," meaning that the Court is not required "to rehear the contested testimony in order to carry out the statutory

---

[3]  Walker also contends that the Magistrate Judge should have recused from the case based upon his alleged "Ultra Conservative Personal Beliefs," but Walker cites no evidence of any alleged bias on the part of the Magistrate Judge. *See* Obj. [106] at 2. Earlier in the case, Walker filed an unsworn Motion [61] for Recusal, which the Magistrate Judge denied on November 18, 2021. *See* Order [63]. Walker did not reurge that Motion or seek review of the Order.   In substance, Walker complains about prior rulings in her cases, which she believes demonstrate bias.   *See* Obj. [106] at 2 (referencing a "pattern" of "avail[in]g himself at every opportunity provided to him to dismiss this case"); Mot. [61] at 1 (stating that she "has a longstanding history with the U.S. Magistrate").   Walker has made no showing of actual personal bias or prejudice on behalf of the Magistrate Judge, *see* 28 U.S.C. § 144, nor would any reasonable and objective person, knowing all the facts, harbor doubts concerning the Magistrate Judge's impartiality, *see* 28 U.S.C. § 455(a). The Magistrate Judge did not err in this regard.

command to make the required 'determination.'" *United States v. Raddatz*, 447 U.S.

667, 674 (1980).   Section 636(b)(1) "permits the district court to give to the

magistrate's proposed findings of fact and recommendations such weight as their

merit commands and the sound discretion of the judge warrants."   *Id.* at 683

(quotation omitted).

The Court reviews any unobjected-to portions of the Magistrate Judge's

Report and Recommendation [101] for clear error, an abuse of discretion, or

conclusions that are contrary to law.   *United States v. Wilson*, 864 F.2d 1219, 1221

(5th Cir. 1989).   "A factual finding is clearly erroneous when, based on the evidence

as a whole, [the Court is] left with the definite and firm conviction that a mistake

has been made." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 530 (5th Cir.

2020) (quotation omitted).

B.   <u>The Prison Litigation Reform Act's "three strikes" provision</u>

The Prison Litigation Reform Act ("PLRA") provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, *unless the prisoner is under
> imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).[4]   Prisoners may not be granted IFP status if

---

[4]   In her Objection [106], Walker disputes the wisdom of the three-strikes bar in § 1915(g),
particularly in light of a "prisoner facing a lengthy prison term."   Obj. [106] at 13; *see id.* at
10-16.   The question of whether to amend or abolish this statute is not one properly before
this Court.

they have previously brought three or more claims that were found to be frivolous, malicious, or that failed to state a claim, *see id.*, but the "imminent danger" exception set forth in § 1915(g) permits an otherwise barred prisoner to obtain IFP status if she faces an imminent danger of serious physical injury, *see id.*; *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Because § 1915(g) speaks in the present tense, the prisoner must be in "imminent danger of serious physical injury" at "the time when the action or appeal is filed or the motion for IFP status is made." *Baños*, 144 F.3d at 885; *see* 28 U.S.C. § 1915(g).   Where a prisoner fails to establish that she faced imminent danger of serious physical injury at the time the complaint was filed, a court may deny or revoke IFP and dismiss the case until the filing fee is paid.   *See id.*

C.   Magistrate Judge's findings

At the hearing, Walker and Defendant Dr. William Thomas Brazier ("Dr. Brazier"), who is the medical director at CMCF, testified.   Walker and Defendants also offered several exhibits for the Magistrate Judge's consideration.   The Court admitted Plaintiff's composite Exhibit 1, which included excerpts of Walker's medical records from MDOC; Affidavits from fellow inmates Timothy Allen McCoy, Gabriel McDowell, and Christopher Lamar Coleman; a letter dated June 22, 2021, from a Kevin Moran, M.D. ("Dr. Moran")[5] to Dr. Brazier; and a "Memo" dated July

---

[5]   At the hearing, defense counsel questioned the existence of Dr. Moran, but the Court need not resolve this issue.   Even if Dr. Moran is who Walker says he is, the result would not change.

2, 2021, from Dr. Moran to Dr. Brazier.   Pl.'s Ex. 1 [94] (filed under seal).[6]   The

Magistrate Judge excluded Plaintiff's composite Exhibit 2, which included articles

entitled "Suicidal ideation and suicide attempts in persons with gender dysphoria"

and "Gender dysphoria"; an American Psychological Association Resolution on

Gender Identity Change Efforts; and an Assessment for Gender Affirming Surgery

purportedly completed by Dr. Moran on February 1, 2020.   Pl.'s Ex. 2 [95] (for

identification only) (filed under seal).   Defendant introduced three exhibits into

evidence: (1) Walker's extensive medical records from January 2020 to April 2022;

(2) "body sheets" generated from Walker's medical visits;[7] and (3) Walker's mental

health records.   *See* Def.'s Ex. 1-3 [96], [97], [98], [99] (filed under seal).[8]

        The Magistrate Judge found that Walker had failed to provide specific factual

allegations to support her assertion of imminent danger at the time of filing and

that her testimony at the hearing undermined the credibility of that assertion.   *See*

R.&R. [101] at 6-7.   The Magistrate Judge noted that Walker's imminent danger

claim was also inconsistent with her medical records, which did not reflect "any

recorded self-harm attempts or reports of her being placed on suicide watch."   *Id.* at

7.   According to the Magistrate Judge, "Walker's allegations regarding Defendants'

---

[6]  Walker asserts that the Magistrate Judge erred in failing to permit her to introduce into
evidence the Affidavits of McCoy, McDowell, and Coleman, and the Memo from Dr. Moran
to Dr. Brazier.   *See* Obj. [106] at 4.   Walker, however, is mistaken, as these items were
admitted as part of Plaintiff's Exhibit 1.   *See* Pl.'s Ex. 1 [94] at 18-23 (filed under seal).
[7]  Dr. Brazier explained that when anyone is brought to the prison clinic, a "body sheet" is
generated.   A nurse documents the patient's vital signs on the sheet and marks where on
the person's body there is any type of injury.
[8]  Due to the size of Defendants' Exhibit 1 and the size limitations in ECF, the Court split
and filed it under two different docket numbers.   *See* Def.'s Ex. 1 [96], [97] (filed under
seal).

alleged acts or omissions concerning her medical treatment are insufficient to meet the threshold requirement of imminent danger of serious physical injury." *Id.* (collecting cases).   The Magistrate Judge found unconvincing Walker's assertion that she is constantly under a threat of imminent danger, citing authority that an "ongoing danger theory" is untenable. *Id.* at 9.   In addition, the Magistrate Judge expressed some concern "regarding the viability of allowing a prisoner to circumvent the three-strikes bar by creating, attempting to develop, or threatening to create their own imminent danger." *Id.* at 9-10.   Thus, he recommended that Walker's IFP status be revoked. *See id.* at 11.

D.   Whether Walker was in imminent danger

1.   Walker's allegations in the Complaint[9]

Walker originally executed the Complaint on July 9, 2020, and then signed it again on September 7, 2020. *See* Compl. [1] at 17.   The envelope containing the Complaint was marked as "APPROVED LEGAL MAIL" by the prison when it was

_____

[9]  Walker made no specific allegations of imminent danger in the standard, form IFP application. *See* Mot. [4].   In a "Memorandum in Support of Imminent Danger Exception under 1915(g)" Walker filed on November 4, 2020, she made a general allegation that there are "life-threatening medical conditions" for which she is not being treated" including "cardiomyopathy, COPD, and Gender Identity Disorder," which could result in loss of life, further disability or impairment, extreme pain, discomfort, potential infection, and skin diseases. Mem. [2] at 2.   However, claims concerning lack of treatment for cardiomyopathy, COPD, or any other condition unrelated to Gender Identity Disorder are irrelevant to the § 1983 claims asserted in this case and are thus irrelevant to the imminent danger inquiry. *See id.*; Compl. [1]; *see also, e.g., Wyatt v. Texas*, No. 18-CV-0490, 2018 WL 2015826, at *1 (W.D. La. Apr. 30, 2018) (denying IFP due to "three-strike history" because "[t]he facts alleged in Plaintiff's complaint do not suggest that he is in imminent danger of serious physical injury related to the claims he asserts"); *Wetzel v. Tanner*, No. CV 16-5765, 2016 WL 3127302, at *2 (E.D. La. June 3, 2016) ("[T]o avoid the Section 1915(g) bar, an allegation of imminent danger must relate to the claims forming the basis of the complaint, and the claim for relief must be for the alleviation of that threat of harm.").

received from Walker, on what appears to be September 17, 2020,[10] and the envelope was postmarked September 21, 2020.  *See* Envelope [1-1] at 1.

Walker alleged in the Complaint [1] that she had been diagnosed with Gender Identity Disorder ("GID"), *see* Compl. [1] at 7, and was "at risk of serious danger or injury" because "he is subject to sucicide [sic] risk due to untreated GID and or extreme or severe additional mental deteriation [sic] of his mind and mental state," *id.* at 2.  Walker referred to "sucicidal [sic] tendecies [sic]," and stated that "these tendecies [sic] will greatly increase and the risk of sucicide [sic] is severe especially when mental healthcare is being withheld."  *Id.*

According to Walker, the MDOC's failure to provide her psychological treatment for GID has led to suicide attempts and self-mutilation.  *See id.* at 7. The Complaint [1] alleged that Walker "has been sucicidal [sic], and exhibiting disruptive and oppositional behavior, not limited to but including self mutilation of his body and genital area."  *Id.* at 8.  Walker asserted that she "has suffered acute depression, self mutilation, autocastration and sucicide [sic] attempts," but that "MDOC Defendants failed to provide any treatment for GID," *id.* at 9, and that, as a result, she "has been experiencing sucidal [sic] ideations [sic] and [is] prone to self mutilation, extreme depression, anxiety, and frustration."  *Id.* at 11.  Based upon these allegations, the Court provisionally granted IFP status.  *See* Order [8] at 1-2.

---

[10]  It is unclear why Walker waited over two months to attempt to file a Complaint that she drafted in July 2020 if she was truly in "imminent danger," further undermining the credibility of her assertions.  Compl. [1] at 2.  Moreover, an allegation of danger in July 2020 is not relevant to the IFP determination, which is judged at the time the action was filed in September 2020, or when the motion for IFP was filed in February 2021.  *See Baños*, 144 F.3d at 885.

10

2.    The evidence at the hearing

a.    Walker's testimony

The audio recording of the hearing was filed into the record under restricted access.   *See* Doc. [113].   Walker testified that the alleged imminent danger she faced has been in existence since her arrival in the custody of MDOC in 2018. According to Walker, she has been dealing with this issue since she was approximately 10 years old and has committed acts of self-mutilation and attempted castration.   When the Magistrate Judge asked Walker for the date when she attempted suicide while incarcerated, she could not provide one; however, when the Magistrate Judge asked when these purported acts occurred in relation to the filing of the Complaint, Walker responded that it was right before and after its filing.   Walker claimed that during that period she attempted suicide seven or eight times by acquiring medication from other inmates and overmedicating. However, Walker testified that the excessive use of these medications either made her lethargic or caused diarrhea and vomiting.   According to Walker, although she spoke with some mental health counselors about these suicide attempts, she did not require medical assistance.   Walker purportedly mentioned suicidal ideations to counselors but did not reveal that she was suicidal or had any plan to commit suicide.   She claimed this was because she did not wish to be placed on suicide watch.

On cross-examination, Walker estimated that she began having thoughts of suicide around 2019, and that the frequency of these thoughts increased throughout

11

2020, 2021, and 2022.   Walker testified that the last suicide attempt occurred prior to the hearing sometime in January or February 2022.   However, Walker acknowledged that she was unsure if the last suicide attempt was related to GID or whether it was related to a sexual assault she claimed to have suffered.   Walker also admitted during the hearing that after the Complaint was filed, she began receiving treatment for GID, including hormone therapy.   While her purported suicide attempts declined as a result of the therapy, she claims it was not a significant reduction.

With respect to her self-mutilation claims, Walker stated that she had cut various parts of her body with a razor, including her genital area, approximately four times during her incarceration with the MDOC, the last occasion being in mid-March 2022.   According to Walker, the resulting injuries required ointment and Band-Aids, but the cuts were not deep enough to require any stitches.

b.   <u>Other evidence at the hearing</u>

At the evidentiary hearing, Walker and Defendants introduced her medical and mental health records; affidavits from Walker's fellow inmates; and correspondence from a Dr. Moran.   The Magistrate Judge also heard live testimony from Dr. Brazier.   Dr. Brazier reviewed Walker's medical records since 2009 and testified that there was no indication from those records that Walker had engaged in any self-harm or been placed on suicide watch.   Dr. Brazier found no indication in the records that Walker ever expressed to anyone at CMCF that she was contemplating suicide, nor was Dr. Brazier aware of any evidence that led him to

believe that Walker had ever made a suicide attempt.   Dr. Brazier also testified that in the course of his treatment of Walker, he had never observed any evidence of self-mutilation or attempted suicide.

Walker contends that she was not allowed to call live witnesses at the hearing, but she has not identified what witnesses she would have called or explained what testimony they would have offered.   *See* Obj. [106] at 3.   At the hearing, Walker stated that because of the Court's Order prohibiting filing, she was not able to notify the Court of the witnesses that she would have sought to call on the imminent danger issue.   However, the only filing ban the Court instituted in the case was one "prohibiting Plaintiff from filing additional Motions or any other documents until the Court has resolved all currently pending Motions in this case." Text Order, Mar. 22, 2022.   The Court ruled on all pending Motions three days later, which lifted the temporary ban, *see* Order [88], and the hearing was held more than a month after that.   Walker's reliance on any filing ban for her purported inability to call witnesses at the hearing is meritless.

Walker referenced the possibility of calling as witnesses several mental health counselors from CMCF and a Dr. Moran, but she only made the conclusory allegation that the CMCF mental health counselors could support her claims of suicidal ideations, without offering any specifics as to the testimony they could provide.   However, as Defendants pointed out at the hearing, Walker's mental health records from CMCF were introduced into evidence, which would have offered the same information.   As for Dr. Moran, the Magistrate Judge permitted Walker

to schedule his deposition within ten days of the hearing, but Walker failed to do so. Her argument concerning the lack of witness testimony is thus unavailing.

Walker did introduce a medical record dated October 11, 2021, that relayed her statement that, "I am not suicidal but sometimes I think about that stuff because I get frustrated because of my Gender Dysphoria/Identity or whatever they want to call it." Pl.'s Ex. 1 [94] at 2 (filed under seal).[11] The medical official advised Walker "to notify security immediately if [she] began to have suicidal ideations/urges." *Id.* Many of Walker's prison medical records reflected that she had "no suicidal or homicidal ideations," including those from March 4, 2020; April 4, 2020; June 9, 2020; June 14, 2020; August 2, 2020; August 30, 2020; September 26, 2020; October 31, 2020; November 21, 2020; November 29, 2020; December 26, 2020; January 23, 2021; March 11, 2021; March 20, 2021; June 12, 2021; August 7, 2021; September 11, 2021; September 20, 2021; October 10, 2021; November 11, 2021; January 8, 2022; March 5, 2022; and March 24, 2022. *Id.* at 7, 10, 13; Ex. D-1 [96] at 22, 31, 79, 101, 138, 155, 167, 193, 252, 259, 295, 313, 325, 332, 343, 374, 387, 405 (filed under seal); Ex. D-1 [97] at 49, 56, 242, 320 (filed under seal). Likewise, the records reflect that Walker was asked on numerous occasions whether she had any thoughts or plans of suicide, to which she responded "No." *See, e.g.,* Ex. D-1 [97] at 112 (filed under seal) (February 7, 2020); *id.* at 227 (February 21, 2020); *id.* at 105 (February 26, 2020). Walker's medical records also indicate that

---

[11] The Court will cite the ECF-generated page numbers of all hearing exhibits rather than any page numbers on the exhibits themselves.

as of February 21, 2020, she had no history of making any suicide attempts.   *See*

*id.* at 228.   The Court finds instructive that several of the above-referenced records

encompass the time periods when the Complaint [1] was filed in this case, on

September 23, 2020, and when the Motion [4] for leave to proceed IFP was filed, on

February 10, 2021.[12]

In her Objection [106], Walker now states that her "claim is not that she is

suicidal but that she will become suicidal and do other things, if not treated."   Obj.

[106] at 28.   However, § 1915(g) permits an exception for "*imminent* danger of

serious physical injury."   28 U.S.C. § 1915(g) (emphasis added).   Even if Walker's

post-hearing statement in her Objection [106] that she believes that she may

become suicidal in the future were found to be credible, generalized concerns of

---

[12] Some of these records also reflect medical appointments occurring after the relevant time period. The Court notes that Walker has consistently denied to medical personnel that she was having any suicidal ideations both before and after her Complaint [1] and IFP Motion [4] were filed and that she showed no ongoing concerns of being in imminent danger.   *See, e.g.*, Ex. D-1 [97] at 307 (filed under seal) (stating for visit on March 31, 2020, that Walker "denied any suicidal and/or homicidal ideations, thoughts or attempts"); *id.* at 319-20 (reporting at visit on April 4, 2020, that Walker "denies any suicidal ideations, intent or plan"); *id.* at 409 (stating on May 27, 2020, that Walker "denied any suicidal and/or homicidal ideations, thoughts or attempts"); *id.* at 44 (noting same on June 18, 2020); *id.* at 13 (same on July 13, 2020); Ex. D-1 [96] at 269 (filed under seal) (representing to prison medical personnel on February 23, 2021, that "he was not suicidal but wanted someone to listen"); *id.* at 259 (stating that Walker "adamantly denies any suicidal ideations, intent or plan to harm himself," on March 11, 2021); *id.* at 235 (on April 18, 2021, "adamantly den[ying] any suicidal thoughts"); *id.* at 165 (denying on August 25, 2021, that she had "suicidal ideations"); *id.* at 136; *id.* at 136 (stating on October 11, 2021, that, "I am not suicidal but sometimes I think about that stuff because I get frustrated"); *id.* at 48 (reporting on February 23, 2022, that while she "[s]ometimes [has] thoughts about giving up," she is "not suicidal right now," and she "denie[d] any suicidal and homicidal ideation"); *id.* at 57 ("He admanlty [sic] denies having any suicidal thought or plan to harm himself," from February 5, 2022); *id.* at 27 (informing medical personnel on March 16, 2022, that "I'm not suicidal"); *id.* at 6 (relaying on April 13, 2022, that "I'm not suicidal but I get depressed").

future harm are insufficient to overcome the three-strikes bar.   *See id.*; *see also, e.g., Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015) (holding that a prisoner's "allegation that he might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times"); *Warren v. Ellis Cnty., Tex.*, 519 F. App'x 319, 320 (5th Cir. 2013) (holding that the inmate's "assertions regarding his cell conditions and the possibility of future medical problems resulting from stress do not show that he faced an imminent danger of serious physical injury at the relevant time").[13]

With respect to her allegations of self-mutilation, Walker was seen by medical personnel multiple times in the months leading up to and soon after the filing of the Complaint and the IFP Motion [4], and repeatedly denied that she was at risk of or had thoughts of self-harm.   *See, e.g.,* Ex. D-1 [97] at 97 (filed under seal) (responding "no" to question on February 6, 2020, whether she had any thoughts or plans of self-harm); *id.* at 112 (same on February 7, 2020); *id.* at 227 (same on February 21, 2020); *id.* at 105 (same on February 26, 2020); *id.* at 371 (on May 4, 2020, Walker "denies any intent of self-harm); *id.* at 56 (reporting on June 7, 2020, that Walker is "feeling more paranoid and hearing voices of people talking more often but has no commands to harm himself or others"); Ex. D-1 [96] at 343

---

[13]   *See also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) ("The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available for genuine emergencies, where time is pressing and a threat is real and proximate.") (quotation omitted).

(filed under seal) (stating on October 31, 2020, that Walker claims she is "hearing voices and seeing visions but has no commands to harm himself or others"); *id.* at 259 (on March 11, 2021, denying any plan to harm herself); Pl.'s Ex. 1 [94] at 27 (filed under seal) (stating on March 16, 2022, "I don't feel like I want to hurt myself"); *id.* at 57 (adamantly denying on February 5, 2022, having a plan to harm herself).   Nor has Walker cited any medical records which demonstrate that she in fact engaged in any self-harm, contrary to her self-serving allegations in the Complaint [1] and at the hearing.

3.   <u>Analysis</u>

Having conducted a de novo of the record in its entirety, the Court concludes that the findings in the Magistrate Judge's Report and Recommendation [101] command substantial weight, particularly his determination that Walker's imminent danger claims and her testimony are not credible. *See, e.g.,* R.&R. [101] at 7; *see also* 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 674.   As detailed above, Walker's allegations in the Complaint and at the hearing of ideations and attempts of suicide, as well as instances of self-harm, are plainly belied by the voluminous medical records that have been submitted by her and by Defendants.[14]   Having conducted the required review, *see Raddatz*, 447 U.S. at 674, the Court agrees with the Magistrate Judge's findings.

---

[14] Moreover, Walker seems to concede in her Objection [106] that she has not been suicidal, but fears that she will become suicidal in the future.   *See* Obj. [106] at 28 ("Plaintiff['s] claim is not that she is suicidal but that she will become suicidal and do other things, if not treated.").   The fact that Walker has changed her theory of imminent danger throughout this case lends further support to the Magistrate Judge's finding that Walker's imminent danger assertions are not credible.

17

The Court concludes Walker misrepresented that she was in imminent danger both in her Court filings and under oath at the evidentiary hearing before the Magistrate Judge.   *See* 28 U.S.C. § 1915(g); Fed. R. Civ. P. 11(b).   Based upon the record, the Court finds that Walker was not in "under imminent danger of serious physical injury" either at the time she filed the Complaint or the Motion for leave to proceed IFP.   *Id.*   The Court relied on Walker's allegations of imminent danger to provisionally grant leave to proceed IFP.   *See* Order [8].   But with the benefit of a further-developed record, the Court finds that those initial allegations constituted intentional misrepresentations by Walker to circumvent her barred status under § 1915(g) and to induce the Court to grant her IFP Motion.   Thus, Walker's IFP status should be revoked.   *See, e.g., Watts v. Pickett*, No. 5:17-CV-38-DCB-MTP, 2018 WL 5986755, at *1 (S.D. Miss. Nov. 14, 2018) (denying motion for reconsideration of the court's order revoking plaintiff's IFP status because the "*Spears* hearing and the protective measures Wilkinson County Correctional Facility implemented post-assault show that [the plaintiff] was not in 'imminent danger of serious physical injury' at the time he filed this suit.").

In a separate case, the Court previously assessed Walker a monetary sanction of $50.00 for a malicious filing.   *See Walker v. Hunt*, No. 1:19cv269-LG-RHW, Doc. 3 (S.D. Miss. June 21, 2019).   Walker has not shown that she has satisfied this sanction, nor is the Court aware that she has.   Since the Court will revoke Walker's permission to proceed as a pauper, and because the Court has not received payment of the filing fee for this civil action or the previously imposed

18

sanction, this case will be dismissed without prejudice.

D.     Whether Walker should be further sanctioned

In light of Walker's actions in this case as well as those in the numerous other civil cases that she has filed in this Court, the Court finds that further sanctions should be imposed based on Walker's malicious and abusive filing history. Specifically, the Court has attached a list of cases filed by Walker that it has been able to locate, although it cannot be certain that this is an exhaustive list.   *See* Attachment "A" to this Order.[15]   Several of Walker's cases were duplicates of others she had previously instituted, which required the Court to consider multiple lawsuits alleging the same claims.   *See id.*; *see also, e.g., Drake v. Navistar Int'l Corp.*, 611 F. App'x 235, 237 (5th Cir. 2015) ("The district court did not abuse its discretion by revoking [the plaintiff's] IFP status and imposing pre-filing sanctions based on [his] abusive filing history, consisting of multiple lawsuits in state and federal courts arising from the same series of events.").   Such duplication further wastes judicial resources.

Not only does Walker persistently institute an inordinate amount of litigation in spite of her barred status, she also litters the record in each case she files with a continuous barrage of often-nonsensical motions and other filings, frequently at a blistering pace.   For example, in this case the Court was forced to prohibit Walker from filing any more documents until it could resolve eleven other Motions pending

---

[15]   This attachment does not include the approximately 20 habeas petitions Walker has filed in this Court.

before it, ten of which were filed by her in less than a two-month time period.   *See*
Text Order, March 22, 2022.   Walker's ceaseless actions have overburdened the
limited resources of this Court on numerous occasions.

This is not the first time Walker has moved to proceed IFP as a sanctioned
litigant and failed to demonstrate that she was in imminent danger of serious
physical injury.   *See* Attachment "A."   Indeed, the accumulation of "three strikes"
has not deterred Walker from continuously filing new frivolous or duplicative civil
actions in this and other courts around the country, many of which have been
dismissed under the three-strikes provision in § 1915(g).   For these reasons, the
Court finds that additional sanctions are warranted.[16]

The Fifth Circuit requires a district court use "the least onerous sanction
which will address the offensive conduct."   *Brown v. Oil States Skagit Smatco*, 664
F.3d 71, 78 (5th Cir. 2011).   A court must consider whether lesser sanctions would
serve the best interests of justice.   *See id.* at 77.

Due to Walker's history of frivolous, meritless, and vexatious litigation, on
April 2, 2019, the Northern District of Mississippi entered an order that required
Walker to "provide some documentary evidence tending to show that the events
alleged actually occurred" before he may file suit in that court in the future.   *See*
*Walker v. Turner*, No. 4:18cv48-GHD-DAS, No. 4:18-cv-48, Doc. 102 (N.D. Miss. Apr.
2, 2019).   Despite being aware that such a sanction could be imposed in this Court,

---

[16] While not dispositive here, the Court also finds that sanctions would be warranted based
upon Walker's false allegations of imminent harm made in her Complaint [1] and under
oath at the evidentiary hearing.

Walker has not been deterred and has continued her onslaught of frivolous, meritless, and vexatious filings.

Under its inherent authority and its obligation to protect the orderly administration of justice, and to curtail the future filing of repetitive and voluminous frivolous pleadings, the Court will bar Walker from filing any new case in this Court, unless she either is granted leave to proceed IFP by the Court or, at the time she files her complaint, pays both the entire applicable filing fee and the outstanding $50.00 sanction imposed by the Court in case number 1:19cv269-LG-RHW.   In order to seek IFP to file a new complaint, Walker must first submit her proposed complaint and any motion to proceed IFP, with documentary proof of any imminent danger of serious physical injury, for the Court's consideration.   *See* 28 U.S.C. § 1915(g).   The Court finds that any lesser sanction would not serve the best interests of justice.   *See Brown*, 664 F.3d at 77.

## III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Demario Dontez Walker's Objections [106], [107], [110] to the Report and Recommendation [101] are **OVERRULED**, and the Report and Recommendation [101] of United States Magistrate Judge Robert H. Walker entered in this case on July 8, 2022, is **ADOPTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court's April 29, 2021, Order [8] granting Plaintiff Demario Dontez Walker's Motion [4] for Leave to Proceed *in forma pauperis* is **WITHDRAWN**; and upon reconsideration the

Motion [4] for Leave to Proceed *in forma pauperis* is **DENIED**; and Walker's *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE**, and a separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Demario Dontez Walker is hereby **SANCTIONED** in that Plaintiff is **BARRED** from filing any future complaints or initial civil pleadings of any kind in the United States District Court for the Southern District of Mississippi, unless she either has been granted prior leave to proceed in forma pauperis by the Court, or prepays at the time she files her complaint both the entire applicable filing fee and the outstanding $50.00 sanction imposed by the Court in case number 1:19cv269-LG-RHW.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, in order to seek leave to proceed in forma pauperis to file a future complaint or initial civil pleading of any kind, Demario Dontez Walker **must seek preapproval** from the Court by submitting her proposed complaint and any motion to proceed in forma pauperis, with documentary proof of any imminent danger of serious physical injury, to the Court for consideration.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to refuse to file any future complaints or initial civil pleadings of any kind on behalf of Demario Dontez Walker unless: (1) payment of both the $50.00 sanction imposed by the Court in case number 1:19cv269-LG-RHW and the entire

applicable filing fee for the proposed new complaint is received by the Clerk at the time of filing; or (2) the pleading is accompanied by advance written authority from a United States District or Magistrate Judge of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Demario Dontez Walker is **WARNED** that any future frivolous, repetitive, vexatious, or abusive filings before the Court will invite the imposition of additional sanctions, which may include dismissal and further monetary sanctions.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Demario Dontez Walker is **WARNED** that she should review any pending actions and move to dismiss any cases, or withdraw any motions, that are frivolous, repetitive, or otherwise abusive.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

Attachment "A"
**Demario Dontez Walker**
**(a/k/a Kiriyama Zyreonia San Givonni)**

**Section 1983 cases filed in the Southern District of Mississippi (in chronological order by date of filing of complaint):**

|    | Case #             | Date Filed | Disposition                                                                                                                                                                          |
|----|--------------------|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1. | 2:02-cv-632-RHW    | 8/14/2002  | Jury verdict in defendants' favor                                                                                                                                                   |
| 2. | 2:02-cv-633-CWP    | 8/14/2002  | Notice of Voluntary Dismissal                                                                                                                                                       |
| 3. | 2:02-cv-634-CWP    | 8/14/2002  | Notice of Voluntary Dismissal                                                                                                                                                       |
| 4. | 2:02-cv-913-CWP    | 12/27/2002 | Notice of Voluntary Dismissal                                                                                                                                                       |
| 5. | 3:03-cv-312-HTW    | 2/25/2003  | Notice of Voluntary Dismissal                                                                                                                                                       |
| 6. | 2:03-cv-551-CWP    | 11/12/2003 | Brought by Walker and another inmate on behalf of others similarly situated; case was severed into two individual actions                                                           |
| 7. | 2:03-cv-598-KS-MTP | 12/10/2003 | From severance of 2:03-cv-551-CWP; dismissed without prejudice for failure to comply with Court orders                                                                              |
| 8. | 3:04-cv-140-TSL-JCS | 2/25/2004 | Dismissed with prejudice for failure to state claim                                                                                                                                |
| 9. | 2:04-cv-247-DMR    | 7/27/2004  | Brought by Walker and another inmate, and the case was severed into two individual actions                                                                                          |
| 10.| 2:04-cv-263-KS-RHW | 8/9/2004   | Dismissed as duplicative of 2:03cv598-KS-MTP                                                                                                                                        |
| 11.| 2:04-cv-397-KS-MTP | 12/8/2004  | Dismissed without prejudice for failure to prosecute                                                                                                                                |
| 12.| 3:04-cv-984-TSL-JCS| 12/13/2004 | Dismissed without prejudice for failure to prosecute                                                                                                                                |
| 13.| 2:05-cv-126-KS-JMR | 5/11/2005  | Dismissed without prejudice for failure to prosecute                                                                                                                                |
| 14.| 3:05-cv-554-TSL-JCS| 9/13/2005  | Dismissed without prejudice for failure to prosecute                                                                                                                                |
| 15.| 2:07-cv-52-MTP     | 3/13/2007  | Agreed Order of Dismissal entered 10/29/2007 after settlement.  Walker continued to file a host of motions which the Court denied, and Walker appealed.  The appeal was dismissed for want of prosecution. |
| 16.| 2:07cv242-KS-MTP   | 10/10/2007 | Dismissed without prejudice for failure to prosecute                                                                                                                                |
| 17.| 3:08-cv-96-TSL-JCS | 2/15/2008  | Some claims dismissed with prejudice as malicious as duplicative of earlier action on same issue that was dismissed with prejudice, 3:04-cv-140-TSL-JCS; remaining claims dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) |
| 18.| 5:08-cv-147-JMR    | 2/15/2008  | Defendants' motion for summary judgment granted on the merits                                                                                                                       |

| 19. | 3:08-cv-132-HTW-LRA | 2/29/2008 | Claims under 42 U.S.C. § 1983 dismissed as frivolous as not cognizable under § 1983; habeas claims dismissed without prejudice |
|---|---|---|---|
| 20. | 3:08-cv-275-TSL-JCS | 4/30/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 21. | 5:08-cv-221-DCB-MTP | 6/17/2008 | Dismissed as duplicative of pending case 5:08-cv-147-DCB-MTP |
| 22. | 2:08-cv-142-KS-MTP | 7/10/2008 | Voluntary dismissal |
| 23. | 3:08-cv-452-DPJ-JCS | 7/22/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 24. | 3:08-cv-459-TSL-JCS | 7/25/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 25. | 2:08-cv-161-KS-MTP | 8/5/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 26. | 2:08-cv-182-KS-MTP | 8/25/2008 | Notice of Voluntary Dismissal |
| 27. | 2:08-cv-183-KS-MTP | 8/25/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 28. | 2:08-cv-194-KS-MTP | 9/3/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 29. | 2:08-cv-217-KS-MTP | 9/30/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 30. | 3:08-cv-647-WHB-LRA | 10/21/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 31. | 2:08-cv-233-KS-MT | 10/27/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 32. | 2:08-cv-235-KS-MTP | 10/28/2008 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 33. | 5:09-cv-13-DCB-MT | 2/9/2009 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 34. | 2:09-cv-28-KS-MTP | 2/12/2009 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |

| 35. | 2:09-cv-128-KS-MTP | 7/14/2009 | Notice of Voluntary Dismissal after Court required completion of questionnaire concerning imminent danger |
|---|---|---|---|
| 36. | 4:09-cv-120-HTW-LRA | 9/14/2009 | Notice of Voluntary Dismissal |
| 37. | 4:09-cv-127-TSL-LRA | 9/25/2009 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 38. | 3:09-cv-699-HTW-LRA | 11/20/2009 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 39. | 4:10-cv-201-HTW-LRA | 12/1/2010 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 40. | 3:12-cv-364-HTW-LRA | 5/29/2012 | Complaint brought on behalf of Walker and 3 others; severed into 4 cases and Complaint dismissed without prejudice |
| 41. | 3:12-cv-441-CWR-LRA | 6/29/2012 | Severed from 3:12-cv-364-HTW-LRA; denied IFP and dismissed case, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 42. | 3:12-cv-650-CWR-LRA | 9/18/2012 | Denied IFP and dismissed case, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 43. | 1:17-cv-27-RHW | 2/1/2017 | Defendants' motion for summary judgment granted and case dismissed without prejudice for failure to exhaust |
| 44. | 1:17-cv-244-LG-RPM | 9/7/2017 | Dismissed for failure to substitute proper party and for failure to prosecute |
| 45. | 1:17-cv-283-LG-RHW | 10/10/2017 | Denied IFP for three strikes and no imminent danger; case dismissed as duplicative of 1:17-cv-244-LG-RHW |
| 46. | 1:17-cv-298-HSO-JCG | 10/19/2017 | Denied IFP for three strikes and no imminent danger; case dismissed as duplicative of 1:17-cv-244-LG-RHW.  Walker was warned that "his continued filing of duplicative lawsuits or civil actions determined to be abusive filings will invite the imposition of sanctions."  Order [4] at 5 (filed restricted access). |
| 47. | 3:17-cv-995-CWR-FKB | 12/11/2017 | Denied IFP for three strikes and no imminent danger, and case dismissed duplicative of No. 1:17-cv-27-RHW. Walker was warned that "continuing to file duplicative lawsuits or civil actions determined to be abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, |

| | | | |
|---|---|---|---|
| | | | and/or restrictions on his ability to file pleadings in this Court." Order [9] at 6 (filed restricted access). |
| 48. | 3:18-cv-804-TSL-RHW | 11/19/2018 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 49. | 1:19-cv-246-LG-RPM | 4/19/2019 | Case pending; IFP granted, but a pending Report and Recommendation [260] recommends revoking IFP status and sanctioning Walker, and that Walker be prohibited from filing future lawsuits unless he meets a heightened pleading standard. |
| 50. | 1:19-cv-269-LG-RHW | 5/8/2019 | Dismissed as malicious for duplicating claims filed in 1:19-cv-246-LG-RHW; Walker was sanctioned $50. "Walker[was] cautioned that if he files any additional duplicative or malicious pleadings it will lead to the imposition of additional sanctions, including but not limited to **increased monetary fines** or restrictions on his ability to file *pro se* actions in this Court." Order [3] at 4 (emphasis in original). |
| 51. | 3:19-cv-468-HTW-LRA | 7/3/2019 | IFP denied and case dismissed, with direction to Clerk to reopen if full filing fee was paid within 30 days |
| 52. | 3:19-cv-794-DPJ-FKB | 11/6/2019 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 53. | 1:20-cv-197-HSO-RPM | 6/12/2020 | Case pending |
| 54. | 1:20-cv-198-LG-RPM | 6/12/2020 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 55. | 1:20-cv-199-HSO-JCG | 6/12/2020 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 56. | 1:20-cv-280-LG-RPM | 8/28/2020 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 57. | 1:20-cv-298-HSO-JCG | 9/18/2020 | Denied IFP for three strikes and no imminent danger, and case dismissed without prejudice |
| 58. | 1:20-cv-302-HSO-BWR | 9/23/2022 | This case |

**Section 1983 cases filed in other Districts**

|    | Case | Filing Date | Disposition |
|----|------|-------------|-------------|
| 1. | W.D. Tex., 1:08-cv-381-LY | 5/12/2008 | Defendants' motions to dismiss granted for failure to state a claim |
| 2. | S.D. Tex., 4:08-CV-1555 | 5/16/2008 | Dismissed as duplicative of 1:08cv381-LY (W.D. Tex.); photocopy of that complaint filed in the Southern District of Texas. |
| 3. | S.D. Ca., 3:08-cv-1314-JAH-LSP | 7/21/2008 | Dismissed for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted. |
| 4. | E.D.N.Y., 1:08-cv-3025-ENV-LB | 7/22/2008 | Dismissed as frivolous upon finding that Walker's factual contentions were clearly baseless concerning his presence in New York |
| 5. | M.D. Fl. 3:08-mc-31-HLA-MCR | 8/11/2008 | Walker filed for IFP before filing a complaint; IFP request denied without prejudice to Walker filing a complaint |
| 6. | S.D. Ca., 3:08-cv-1504-JLS-NLS | 8/15/2008 | Dismissed as frivolous |
| 7. | M.D. Fl., 3:08-cv-844-TJC-TEM | 9/2/2008 | IFP denied and case dismissed |
| 8. | D. Nev., 2:08-cv-1602-RLH-LRL | 11/17/2008 | Voluntarily dismissed |
| 9. | W,D, Va., 7:08-cv-591-JLK-mfu | 11/17/2008 | IFP denied for 3 strikes and case dismissed |
| 10. | S.D. Al., 1:09-cv-501-CG-C | 8/5/2009 | Rescinded grant of IFP upon learning Walker had 3 strikes under 28 U.S.C. § 1915(g); case dismissed without prejudice because court found no imminent danger |
| 11. | D. Me., 1:09-cv-624-GZS | 12/14/2009 | Dismissed for no actual case or controversy |
| 12. | N.D. Miss., 4:18-cv-48-GHD-DAS | 2/21/2018 | Dismissed as vexatious; Walker is now required to present documentary proof of allegations before he may file suit in Northern District of Mississippi in the future. |

**Section 1983 appeals**

| # | Case | Disposition |
|---|------|-------------|
| 1. | Fifth Cir. No. 05-60575 | Dismissed for want of prosecution |
| 2. | Fifth Cir. No. 08-20485 | Affirmed district court's dismissal of complaint as duplicative of another federal lawsuit |
| 3. | Second Cir. No. 08-5836-pr | IFP denied and appeal dismissed for lack of arguable basis in law or fact |
| 4. | Fifth Cir. No. 08-60691 | Dismissed as frivolous and sanction warning issued |
| 5. | Fifth Cir. No. 08-60753 | Motion to voluntarily dismiss appeal granted |
| 6. | Fifth Cir. No. 08-60779 | Dismissed for want of prosecution |
| 7. | Fifth Cir. No. 08-60830 | Dismissed for want of prosecution |
| 8. | Fifth Cir. No. 08-60913 | Dismissed for want of prosecution |
| 9. | Fifth Cir. No. 08-60975 | Dismissed for want of prosecution |
| 10. | Fifth Cir. No. 09-50644 | Dismissed for want of prosecution |
| 11. | Fifth Cir. No. 09-60217 | Dismissed for want of prosecution |
| 12. | Fifth Cir. No. 09-60527 | Dismissed for want of prosecution |
| 13. | Fifth Cir. No. 17-60511 | Dismissed for want of prosecution |
| 14. | Fifth Cir. No. 19-60266 | Dismissed for want of prosecution |
| 15. | Fifth Cir. No. 19-60281 | Dismissed for want of prosecution |
| 16. | Fifth Cir. No. 20-61027 | Dismissed for want of prosecution |
| 17. | Fifth Cir. No. 20-61165 | Dismissed for want of prosecution |
| 18. | Fifth Cir. No. 21-60044 | Dismissed for want of prosecution |